**Mrs. Precious GRIGGS et al., Appellants,**

v.

**Ed S. COOK et al., Appellees.**

**No. 25167.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1967.

Rehearing Denied Nov. 14, 1967.

Howard Moore, Jr., Atlanta, Ga., for appellants.

A. C. Latimer, J. Lee Perry, Atlanta, Ga., for appellees.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial by the trial court of an order enjoining defendants, acting as or on behalf of the Board of Education of the City of Atlanta, Georgia, from proceeding to take title by condemnation to property owned by the named plaintiffs and others whom they seek to represent, for the purpose of establishing a junior high school in the City of Atlanta.

We have carefully read the transcript of evidence, together with the pleadings constituting the record in this case. From this study we have gleaned the fact that, although depending for its jurisdictional aspects upon a charge that the building of the particular school in question, in approximately the center of a large, almost totally Negro occupied residential area in the city of Atlanta, is violative of the rights of school children claiming the privilege of a desegregated education, which rights have most recently been enunciated by this court in the case of United States v. Jefferson County Board of Education, 372 F.2d 836, cert. denied, Caddo Parish School Board v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103, October 9, 1967, the thrust of the complaint is that the particular property owners, here named as plaintiffs, are seeking to prevent the taking of their own residential property. In effect they complain that an effort to take their property for the admittedly public purpose of building a school, is illegal if the taking is to build a school whose location and planning for attendance does not conform with this court's decision in the *Jefferson County* case.

There is already pending in the district court for the Northern District of Georgia a class action represented by the same counsel who appear here in this limited class suit, dealing with the entire school desegregation plan for the Atlanta school system. The latest order of the District Court in that case, Calhoun v. Latimer, No. 6293CA, U. S. District Court, Northern District of Georgia, has not been modified, nor have the plaintiffs in that case sought to have it modified, to conform to the requirements

of Jefferson. It is not apparent to what extent the named plaintiffs in that pending suit, who were recognized by the court there as adequately representing the Negro school children served by the Atlanta Public Schools system as a class, wish to obtain the relief that is here sought by these named plaintiffs and the more limited class of property owners which they seek to represent.

In any event, we find it plain on this record that there was evidence from the Superintendent of Schools and the official of the Atlanta School Board, whose function it was to plan the location of schools, that the final determination to proceed with the condemnation here involved was made after consideration was given to the requirements in the *Jefferson County* case embodied in the following language:

> "The defendants, to the extent consistent with the proper operation of the school system as a whole, shall locate any new school * * * with the objective of eradicating the vestiges of the dual [school] system." United States v. Jefferson County Board of Education, supra, 372 F.2d page 900.

There was much testimony in this record to the effect that the placing of the school at any other location within the area known as the "Nash-Bans" area of the city of Atlanta, a predominantly Negro area of some 45,000 population, would not increase in any pragmatic way the furthering of the "objective of eradicating the vestiges of the dual system." Under the circumstances of this case, we cannot conclude that the trial court's findings of fact were clearly erroneous or that his denial of an injunction against the condemnation should be reversed.

The judgment is affirmed.

## ON PETITION FOR REHEARING

It is ordered that the petition for rehearing or alternative relief filed in the above styled and numbered case be, and the same is, hereby denied.